IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL A. CASEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-09-428-HE |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF THE SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

## **REPORT AND RECOMMENDATION**

Mr. Casey applied for supplemental security income and child's insurance benefits based on alleged disabilities. *See* Administrative Record at pp. 95-97, 102-104 (certified May 28, 2009) ("Rec."). The Social Security Administration denied the applications,[1] and the present action followed with claims involving error in the assessment of mental and physical impairments. The Court should reverse and remand for further proceedings.[2]

I.  STANDARD OF REVIEW

The Court must determine whether the Social Security Administration's decision is based on substantial evidence and the correct legal standard. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Reversal is required if the agency has failed "'to provide

---

[1] Rec. at pp. 1-3, 10-26, 60-73.

[2] In light of the suggestion for reversal, the Court need not address every allegation of error. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the [administrative law judge's] treatment of this case on remand.").

this court with a sufficient basis to determine that appropriate legal principles have been followed.'" *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (*per curiam*; citations omitted).

II. THE ADMINISTRATIVE LAW JUDGE'S RELEVANT FINDINGS

The administrative law judge found that the Plaintiff had suffered from "severe" impairments involving type I bipolar disorder, panic disorder without agoraphobia, status post arthroscopic left knee surgery, and osteochondritis. Rec. at p. 15. With these findings in mind, the judge assessed the following residual functional capacity ("RFC"):

> [S]ince November 1, 2003, the claimant has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he cannot kneel or squat. The claimant can stand and/or walk short distances or for short periods of time, but when standing and/or walking, must stop and sit briefly before continuing.

*Id.* at 17.

III. REQUIREMENT TO ASSESS ALL MEDICAL OPINIONS

In part, Mr. Casey alleges that the administrative law judge failed to discuss medical opinions involving "moderate" mental limitations. The undersigned agrees.

The administrative law judge has a duty to assess every medical opinion. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d) (2008).[3] If the judge rejects an opinion, she must give reasons that are specific and legitimate.[4]

Dr. Amal Chakraburtty completed a medical source statement, noting that Mr. Casey had moderate difficulties in:

- carrying out complex instructions;

- interacting appropriately with the public, supervisors, and coworkers; and

- responding appropriately to usual work situations and changes in a routine work setting.

Rec. at pp. 288-89.

The judge apparently rejected these opinions because her RFC assessment did not include any of these limitations. *See supra* p. 2.[5] The judge's explanation was simply that "Dr. Chakraburtty [had] found no more than moderate restrictions in any category."[6] Rec.

---

[3] The Court should apply the Social Security regulations which were in effect at the time of the administrative law judge's decision. *See Branum v. Barnhart*, 385 F.3d 1268, 1272 n.2 (10th Cir. 2004).

[4] *See Doyal v. Barnhart*, 331 F.3d 758, 764 (10th Cir. 2003) (holding that even when an examining doctor is not considered a "treating physician," the administrative law judge must provide specific, legitimate reasons for rejecting a medical opinion).

[5] In one passage, the administrative law judge conceded "a moderate limitation" in "the claimant's ability to relate and interact with others." Rec. at p. 25. Elsewhere, however, the judge defined the RFC in a manner that omitted any mental limitations. *See supra* p. 2.

[6] According to Mr. Casey, the administrative law judge also rejected Dr. Chakraburtty's opinion based on drug use. But the judge did not say that she was rejecting Dr. Chakraburtty's opinion on this basis. *See* Rec. at p. 23.

at p. 23. This explanation is invalid as a matter of law because moderate limitations must be considered in connection with the RFC.

The importance of moderate mental limitations was underscored in *Haga v. Astrue*, 482 F.3d 1205 (10th Cir. 2007). There an examining doctor assessed the mental RFC and concluded that the claimant had several moderate limitations. *See Haga v. Astrue*, 482 F.3d at 1207. The administrative law judge's RFC assessment reflected some of the limitations, but not others. *See id.* at 1207-1208. As a result, the Tenth Circuit Court of Appeals concluded "that the [administrative law judge] should have explained why he [had] rejected four of the moderate restrictions on [the physician's] RFC assessment." *Id.* at 1208 (citation omitted).

Under *Haga v. Astrue*, the administrative law judge could not dismiss Dr. Chakraburtty's opinions on grounds that the stated limitations were only considered "moderate."

Mr. Astrue argues that the term "'moderate' only means that 'there is more than a slight limitation . . . but the individual is still able to function satisfactorily.'" Brief in Support of the Commissioner's Decision at p. 5 (Dec. 8, 2009) ("Commissioner's Brief").[7]

---

[7] The Defendant advances various other arguments which would support the administrative law judge's failure to include any mental limitations in the Plaintiff's RFC. Commissioner's Brief at pp. 5-7. But the judge never stated that she was rejecting the psychiatrist's findings. *See supra* pp. 3-4. Thus, the Court cannot speculate on whether the administrative law judge had relied on any of these arguments. *See*, *e.g.*, *Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) ("[W]hen . . . an [administrative law judge] does not provide any explanation for rejecting medical evidence, we cannot meaningfully review the [administrative law judge's] determination." (citation omitted)); *see also Haga v. Astrue*, 482 F.3d 1205, 1207-1208 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the [administrative law judge's] decision that

4

The Tenth Circuit Court of Appeals rejected this argument in *Haga*, observing that "a moderate impairment is the not the same as no impairment at all." *Haga v. Astrue*, 482 F.3d at 1208.[8] Thus, despite the definition of the word "moderate" in the relevant form, the administrative law judge still had a duty to explain why she had rejected Dr. Chakraburtty's opinion. Her failure to do so involves reversible error under *Haga v. Astrue*. *See id.* at 1208-1209.

IV. CONSIDERATION OF THE PLAINTIFF'S OBESITY

The administrative law judge also failed to properly consider the Plaintiff's obesity. A claimant's obesity bears on whether an impairment:

- is medically determinable,

- is severe,

- meets or equals a listing, and

- prevents past relevant work or other work that exists in significant numbers in the national economy.

*See* Social Security Ruling 02-01p, *Policy Interpretation Ruling Titles II and XVI: Evaluation of Obesity*, 2000 WL 628049, Westlaw op. at 3 (Sept. 12, 2002). While obesity alone may not be severe, the impact from its combination "with other impairments can be

---

are not apparent from the [administrative law judge's] decision itself." (citations omitted)).

[8] In the federal district court, the magistrate judge quoted the "Medical Source Statement" form. There the word "moderate" was defined to mean that "the individual [was] still able to function satisfactorily." *Haga v. Barnhart*, Case No. 05-CV-13-CVE-FHM, slip op. at 5-6 (N.D. Okla. Feb. 15, 2006) (unpublished report and recommendation by magistrate judge) (record citation omitted), *adopted* (N.D. Okla. Mar. 23, 2006) (unpublished order by district judge), *reversed*, 482 F.3d 1205 (10th Cir. 2007).

5

greater than the effects of each of the impairments considered separately." *Id.*, 2000 WL 628049, Westlaw op. at 1. Thus, the Social Security Administration has instructed administrative law judges to consider obesity throughout the disability determination process and explain any related findings. *Id.*, 2000 WL 628049, Westlaw op. at 1, 7; *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00(Q) (2008).[9]

The administrative law judge acknowledged that in May 2008, Mr. Casey was 5 feet, 8 inches tall and weighed 230 pounds. Rec. at p. 19. Based on this weight, a consulting physician diagnosed Mr. Casey as "obese" in May 2008, stating that this condition was an objective factor supporting the allegations of pain. *Id.* at p. 304.

The judge noted that a treating physician had tied the Plaintiff's knee pain to his "weight gain." *Id.* at p. 23; *see id.* at p. 271. Nonetheless, the administrative law judge did not discuss the importance of this correlation or the consultative physician's opinion that Mr.

---

[9] This regulation states:

> The combined effects of obesity with musculoskeletal impairments can be greater than the effects of each of the impairments considered separately. Therefore, when determining whether an individual with obesity has a listing-level impairment or combination of impairments, and when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity, adjudicators must consider any additional and cumulative effects of obesity.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00(Q) (2008).

Casey's obesity was an objective finding supporting the allegation of pain. *See id.* at pp. 13-26, 271, 304.

At his height and weight, Mr. Casey had a body mass index ("BMI") of 35, which could support a finding of obesity.[10] And, as noted above, a consulting physician diagnosed Mr. Casey as obese.[11] In light of the high BMI and the diagnosis, the administrative law judge had to determine whether Mr. Casey was obese and, if he was, to consider the impact of this finding throughout the disability determination process and in combination with the other impairments.[12]

The administrative law judge's decision does not reflect consideration of Mr. Casey's possible obesity either alone or in combination with other impairments. This omission constituted error.[13]

---

[10]  *See* Social Security Ruling 02-1p, *Policy Interpretation Ruling Titles II and XVI: Evaluation of Obesity*, 2000 WL 628049, Westlaw op. at 2 (Sept. 12, 2002) (stating that the National Institutes of Health recognize a BMI of 35 as "Level II" "obesity.").

[11]  *See supra* p. 6; *see also* Social Security Ruling 02-01p, *Policy Interpretation Ruling Titles II and XVI: Evaluation of Obesity*, 2000 WL 628049, Westlaw op. at 3 (Sept. 12, 2002) ("in the absence of evidence to the contrary in the case record, we will accept a diagnosis of obesity given by a treating source or by a consultative examiner").

[12]  Consideration of Mr. Casey's obesity was particularly significant in light of his "severe" musculoskeletal impairments. *See* Rec. at p. 15 (finding severe "status post arthroscopic left knee injury" and "osteochondritis"); *see also supra* p. 6 n.9.

[13]  *See Fleetwood v. Barnhart*, 211 Fed. Appx. 736, 741-42 (10th Cir. Jan. 4, 2007) (unpublished op.) (holding that the administrative law judge had erred by a failure to discuss the plaintiff's obesity in combination with other impairments); *Parks v. Astrue*, 2008 WL 4147559, Westlaw op. at 1, 4-5 (W.D. Okla. Sept. 2, 2008) (unpublished op.) (reversing for consideration of the claimant's obesity with a BMI of 33).

In his brief, the Defendant declines to address the administrative law judge's failure to consider obesity on grounds that Mr. Casey had not sufficiently developed the argument. Commissioner's Brief at pp. 2-3. Mr. Astrue adds in a footnote that the administrative law judge had "repeatedly considered Plaintiff's weight and it's [sic] impact on his knee impairment and walking/standing abilities." *Id.* at p. 3 (citing Rec. at pp. 17-19, 22-23). Both arguments are invalid.

First, Mr. Casey alleged in his opening brief that:

- the administrative law judge had failed to consider obesity,

- the medical records supported the claim of obesity, and

- the administrative law judge had failed to discuss the relevant social security ruling.

Plaintiff's Opening Brief at pp. 28-29 (Oct. 13, 2009). The Plaintiff's argument was sufficiently developed for meaningful review.

Second, the Defendant's citations do not include any passages in which the administrative law judge considered the effect of the Plaintiff's obesity on his knee impairments. Thus, the Court should reject the Defendant's assertion that the administrative law judge had considered the weight and its impact on the physical impairments.

V. RECOMMENDATION AND NOTICE OF THE RIGHT TO OBJECT

The Court should reverse the Social Security Administration's decision and remand for reconsideration and discussion of: (1) Dr. Chakraburtty's opinions regarding moderate limitations, and (2) the evidence of obesity.

8

Any party may file written objections with the Clerk of the United States District Court. *See* 28 U.S.C. § 636(b)(1). The deadline for objections is May 10, 2010. *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 6(a)(3)(A), 6(d), 72(b)(2). The failure to file timely objections would result in waiver of the right to appeal the suggested ruling.[14]

VI.  STATUS OF THE REFERRAL

The referral is discharged.

Entered this 21st day of April, 2010.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge

---

[14] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").